IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN LEE RINEHART<br>(TDCJ No. 2151103),<br><br>    Petitioner,<br><br>V.<br><br>JOHNSON COUNTY COMMUNITY<br>SUPERVISION AND CORRECTIONS<br>DEPARTMENT,<br><br>    Respondent. | §§§§§§§§§§§§§ | No. 3:18-cv-2275-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. Petitioner Brian Lee Rinehart has requested that the Court issue a "favorable ruling in [his] Habeas Writ" and also to find the Respondent in "contempt" for failing to respond to the Court's prior Order to Show Cause, *see* Dkt. No. 21. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court deny Petitioner's motion.

**Background**

Petitioner's 28 U.S.C. § 2254 habeas application was docketed on August 28, 2018. *See* Dkt. No. 3. On October 3, 2018, the Court ordered Respondent – Lorie Davis, Director, TDCJ-CID – to answer the petition. *See* Dkt. No. 6. On January 31, 2019, Respondent filed a response arguing that she is not the proper respondent in this case.

1

*See* Dkt. No. 15 at 1-4. Respondent averred that the proper respondent is the Johnson County Community Supervision and Corrections Department ("JCCSCD"). *See id.* The Court determined that the proper respondent was, in fact, the JCCSCD, *see* Dkt. No. 18, and on February 4, 2019, ordered the JCCSCD to answer the petition by April 5, 2019. *See* Dkt. 19. Petitioner's instant motion was received by the Court on April 15, 2019. *See* Dkt. 21. As of that date, the JCCSCD had not responded to Petitioner's petition. The Court construes Petitioner's motion [Dkt. No. 21] as a motion for judgment by default.

## Legal Standards and Analysis

"Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief." *Northrup v. Thaler*, C.A. No. C-10-085, 2010 WL 2720655, at *1 (S.D. Tex. June 23, 2010), *rec. adopted*, 2010 WL 2720658 (S.D. Tex. July 8, 2010) (citing *Wiggins v. Procunier*, 735 F.2d 1318, 1321 (5th Cir. 1985) (which in part relied on *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) ("[A] habeas corpus petitioner[ should not be] release[d] in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large."))); *see also Beall v. Cockrell*, 174 F. Supp. 2d 512, 517-18 (N.D. Tex. 2001) ("Many courts, including the Fifth Circuit, frown on the use of default judgments to grant habeas relief without reaching the merits of the claim." (citing *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("dilatoriness, standing alone, does not provide a sufficient basis for

2

granting the writ")))._

## Recommendation

The Court should deny Petitioner's motion for default judgment [Dkt. No. 21].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**DATED:**   April 17, 2019

_[signature]_

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE